IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as trustee for the certificateholders of CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58; MORTGAGE SYSTEMS ELECTRONIC REGISTRATION INC.; BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS, INC., and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:12-cv-4344-WSD<br><br>Removed from Fulton County<br>Case No. 2012cv218864 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2005-58 ("BONY"), Mortgage

Electronic Registration Systems, Inc. ("MERS"), Bank of America, NA., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BANA")[1] and Countrywide Home Loans, Inc. ("Countrywide") (collectively, "Defendants") by and through counsel, hereby remove this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on diversity jurisdiction because Plaintiff and Defendants have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, Defendants state as follows:

## I. Background

1. This case was originally filed by Plaintiff in the Superior Court of Fulton, Georgia on July 30, 2012. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached as **Exhibit A**.

2. BONY was served on November 15, 2012[2]. Upon information and belief, service was previously attempted on BONY on or about September 24,

[1] Bank of America, N.A. is the successor by merger to BAC Home Loans Servicing, LP ("BACHLS") which was formerly known as Countrywide Home Loans Servicing LP ("CHLS"). Therefore, BANA appears as successor by merger to BACHLS f/k/a CHLS. Any improperly named Defendant expressly reserves its right to assert an improperly named party defense.

[2] BONY contends it was served on November 15, 2012 as evidenced by the Complaint attached hereto as **Exhibit B** noting the Complaint was received by A. Mancuso on November 15, 2012

2012 through agent CT Corporation. This service was improper as CT Corporation is not the registered agent for BONY and is not authorized to accept service on its behalf.

3. There is no entry of service on file regarding service of process on MERS, BANA, or Countrywide.

4. Among other things, Plaintiff asserts claims arising out of the purchase and subsequent wrongful foreclosure of her residential property (the "Property"), which Plaintiff refinanced on October 6, 2005, located at 543 Auburn, Atlanta, Georgia (30312). Compl. ¶ 9, Compl. Ex. A. A recorded copy of the Security Deed memorializing the loan transaction is attached as **Exhibit C**. Per the Complaint, Plaintiff asserts causes of action for: negligence (Count I); fraud (Count II); breach of contract (Count III); to void, cancel and/or set aside trustee's sale/deed upon sale (Count IV); wrongful foreclosure (Count V); breach of the implied covenant of good faith and fair dealing (Count VI); unjust enrichment (Count VII); violation of Georgia's Fair Business Practices Act (Count VIII); quite title (Count IX); and slander of title (Count X). See gen. Compl. Plaintiff seeks to recover compensatory, special, general, and punitive damages in addition to attorney's fees and costs of litigation. Compl., Prayer for Relief.

---

and stamped as received November 15, 2012. To the extent a different date of service has been alleged, BONY consents to the removal of this matter by the other Defendants.

**II. This Notice of Removal is Timely Filed in the Proper Venue.**

5. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

6. The removal of this action to this Court is timely under U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days of the November 15, 2012 service, and that is the only proper service made in this matter.

7. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

**III. This Court Has Diversity Jurisdiction**

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a) (2010).

9. Plaintiff is a citizen of Georgia residing at the Property. Compl. 9, Compl. Ex. A. Although Plaintiff does not specifically allege her citizenship in the Complaint, this action arises from the foreclosure of her "residential home," which is located in Georgia as established by the Security Deed. Furthermore, in a

previous action filed by Plaintiff on July 29, 2011 in the Superior Court of Fulton County and removed to this Court, related to the same Property, Plaintiff alleged she was a resident of Fulton County, Georgia (Case 1:11-cv-20991-JOF). A copy of the previously filed Complaint is attached hereto as **Exhibit D.**

10. BONY is a Delaware corporation with its principal place of business in New York. As such, BONY is a citizen of Delaware and New York.

11. MERS is a Delaware corporation with its principal place of business in Virginia. Accordingly, MERS is a citizen of both Delaware and Virginia. However, upon information and belief, MERS has not been served with a copy of the Summons and Complaint, and is therefore, not a property party to this lawsuit at the time of removal.

12. BANA is a national banking association organized under the laws of the United States and is a citizen of North Carolina. See Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); See also Hill v. Bank of America Corp., No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."). However, upon information

and belief, BANA has not been served with a copy of the Summons and Complaint, and is therefore, not a property party to this lawsuit at the time of removal.

13. Countrywide is a New York Corporation with its principal place of business in California. Accordingly, Countrywide is a citizen of both of New York and California. However, upon information and belief, Countrywide has not been served with a copy of the Summons and Complaint, and is therefore, not a property party to this lawsuit at the time of removal.

14. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

15. Plaintiff does not pray for a certain sum in her Complaint, but it is clear that the amount in controversy exceeds $75,000.00. Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Thus, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of

the evidence that the amount in controversy more likely than not exceeds the [$75,000][3] jurisdictional requirement." Tapscott, 77 F.3d at 1357.

16. Although Defendants deny that Plaintiff is entitled to recover any amount and specifically deny that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs. Plaintiff alleges wrongful foreclosure and seeks to quiet title against Defendants.

17. Where a party seeks equitable relief, the value of the property - in addition to the specific compensatory damages plead - determines the amount in controversy for purposes of diversity jurisdiction. See Roper v. Saxon Mort. Servs., Inc., 2009 U.S. Dist. LEXIS 37794 at *2 (N.D. Ga. 2009) (citing Waller v. Prof's Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961)) (holding that "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); See also Crump Ins. Servs. v. All Risks, Ltd., 2011 U.S. Dist. LEXIS 5084, at *5 (N.D. Ga. 2011).

18. Plaintiff's claims arise from the ownership of her home for which Plaintiff secured a loan of $464,000.00. See **Exhibit C**. The current outstanding

[3] Tapscott was based on the former $50,000 jurisdiction amount under U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000, so the actual quote from Tapscott says "$50,000."

balance on this loan is $511,607.16, an amount which exceeds $75,000. (A copy of Payment's Loan Payment History is attached as **Exhibit E**). Plaintiff seeks to set aside the foreclosure sale on the Property as well as quiet title to the Property in favor of Plaintiff. These facts alone establish that the amount in controversy exceeds $75,000.00.

19. Moreover, according to the Board of Tax Assessors for Fulton County, Georgia, the 2012 appraised value of the Property is $191,900.00. (A copy of the 2012 Tax Year Value Information is attached hereto as **Exhibit F**.)

20. Additionally, Plaintiff is seeking punitive damages and attorneys' fees and litigation costs from Defendants in this litigation. See Compl., Prayer for Relief.

21. It is well-settled that courts include punitive damages when analyzing whether the amount in controversy requirement is met. Woodward v. Newcourt Commercial Fin. Corp., 60 F. Supp. 2d 530, 531 (D.S.C. 1999); See also, Turpeau v. Fidelity Fin. Servs., 936 F. Supp. 975, 979 (N.D. Ga. 1996). In Woodward, the court ruled that a "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount." Id. at 532 (observing that "the plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of

more than ten times damages, especially when large corporations are caught defrauding their customers.").

22. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the parties, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Fulton County, Georgia, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

## V. Conclusion

23. Concurrently with this Notice of Removal, the Defendants will file a copy of this Notice with the Superior Court of Fulton County, Georgia.

24. In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, Defendants The Bank of New York, as trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Electronic Registration Systems, Inc., Bank of America, NA., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP,

and Countrywide Home Loans, Inc. file this Notice of Removal and remove the civil action to the United States District Court for the Northern District of Georgia.

This 17th day of December, 2012.

/s/ Andrew Phillips

Andrew G. Phillips
Georgia Bar No. 575627
Jarrod S. Mendel
Georgia Bar No. 435188
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (Telephone)
(404) 443-5773(Facsimile)
aphillips@mcguirewoods.com
jmendel@mcguirewoods.com

*Attorneys for Defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-58, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Countrywide Home Loans, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as trustee for the certificateholders of CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58; MORTGAGE SYSTEMS ELECTRONIC REGISTRATION INC.; BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS, INC., and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO,<br><br>Defendants. | ) | CIVIL ACTION FILE NO. 1:12-cv-4344-WSD<br><br>Removed from Fulton County Case No. 2012cv218864 |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on December 17, 2012, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF

System and served a true and correct copy of same on the parties via First-Class Mail, postage prepaid, addressed to:

Gregory T. Bailey
Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, GA 30134

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Andrew Phillips
Andrew Phillips