EXHIBIT A

X

FILED IN OFFICE
JUL 30 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JANET HILL,** **Plaintiff,** **v.** **THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as trustee for the certificateholders of CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS, INC., and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO,** **Defendants.** | ) | **CIVIL ACTION NO.:** 2012CV218864 |

**COMPLAINT FOR QUIET TITLE**

COMES NOW Plaintiff, and hereby files this Complaint against Defendants as follows:

**PARTIES**

1.

Defendant The Bank of New York Mellon ("Mellon") fkaThe Bank of New York, as trustee for the certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 is, and at all times herein mentioned was, a Delaware corporation, doing business in Fulton County, Georgia.

2.

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principle place of business in the State of Virginia, and doing business in Fulton County, Georgia.

3.

Defendant BAC Home Loans Servicing, LP ("BAC"), is a corporation doing business in Fulton County, Georgia.

4.

Defendant Countrywide Home Loans, Inc. ("Countrywide") is a New York corporation doing business in Fulton County, Georgia.

5.

All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or any Cloud on Plaintiff's Title Thereto" are sued herein pursuant to the Georgia Civil Practice Act Section 23-3-40.

6.

Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## JURISDICTION

7.

The Court has subject matter jurisdiction, pursuant to Art. VI, § IV, Para.I of the Constitution of the State of Georgia.

**VENUE**

8.

Venue is proper, pursuant to Art. VI, § II, Para.VI of the Constitution of the State of Georgia.

**GENERAL ALLEGATIONS**

9.

On October 6, 2005, Plaintiff refinanced her residential home loan whichCountrywide agreed to provide the deed to secure debt on certain real property commonly known as the "Subject Property."

10.

Plaintiff made each payment due on the loan.

11.

On June 1, 2011, Defendant MERStransferred its rights to the Subject PropertytoMellon, through an Assignment which is attached hereto as Exhibit A.

12.

On May 3, 2011, Defendant BAC sent a letter to Plaintiff stating that it was the servicer of her loan on behalf of the owner Mellon. A copy of this letter is attached hereto as Exhibit B.

13.

In August 2009, Plaintiff was approved for the BAC workout assistance program. Plaintiff did not receive the confirmation letter and loan modification documents until August 2010. BAC representatives promised her a response within 30 days of receiving her documents.

Although Plaintiff returned the documents as instructed by BAC, she did not receive a response from BAC within the promised 30 days.

14.

In October 2010, Plaintiff received from BAC another confirmation letter, QWR and an incomplete response to her inquiry regarding the owner of her Note. BAC also sends a confirmation letter informing Plaintiff of her participation in the loan modification program.

15.

In January 2011, Plaintiff receives another loan modification application from BAC even after previously confirming to Plaintiff her participation in the loan modification program.

16.

On or about March 21, 2011, Plaintiff sent an email to Jamie Blake-Hill of BAC confirming BAC's receipt of the additional documents requested by it and was told that the application had been sent to underwriting.

17.

After receiving no further responses, Plaintiff begins regular communications, both via telephone calls and written letters, with BAC concerning the status of her loan modification, to wit:

(a) May 9, 2011 spoke with customer service manager Eric (rep. #5830) who confirmed Plaintiff's application is approved, at the underwriting stage, and notice of trial payment forthcoming;

(b) May 12, 2011 spoke with customer service agent Jonathan (rep. #2816) who confirmed Plaintiff's application is approved, still in underwriting, and notice of trial payment will be forthcoming; and

(c) May 23, 2011 spoke with customer service agent Najee (rep. #5986) who provided Plaintiff with the same information as Eric and Jonathan.

18.

In June 2011, Plaintiff received from BAC another letter confirming receipt of Plaintiff's letter requesting additional information regarding her loan, and her loan modification application. Because Plaintiff had still not received the additional information she requested, she began making follow-up calls to BAC, to wit:

(a) June 21, 2011 call to Sonya Hines (Bank of America, Getzville, NY) at 9:09 a.m., 9:20 a.m., and 11:33 a.m. getting no response either time;

(b) June 28, 2011 call to Sonya Hines (Bank of America, Getzville, NY) at 12:01 p.m. and 12:08 p.m. getting no response either time;

(c) June 29, 2011 call to Mr. Donaldson, manager of Sonya Hines, at 9:36 a.m. getting no response;

(d) July 2011 call to Sonya Hines and spoke with Christina Botsko who was unable to transfer the call to Ms. Hines but sent an instant message to Ms. Hines with instructions to call Plaintiff. Ms. Hines never returned Plaintiff's call;

(e) July 20, 2011 call to Sonya Hines between 3:00 p.m. and 4:00 p.m. – no response.

(f) July 21, 2011 call to Sonya Hines at 9:40 a.m. – no response.

19.

Subsequently, on or about June 24, 2011, Plaintiff received a foreclosure notice stating that aNotice of Default and Election to Sell Deed of Trust ("Notice") had been recorded on the Subject Property. The Notice was executed on or about June 1, 2011. However, Plaintiff was not familiar with the entities set forth therein. Specifically, the Notice stated that the Deed of Trust

executed by Plaintiff "was to secure obligations in favor of Mortgage Electronic Registration Systems, Inc. ["MERS"], as Beneficiary," not Countrywide. MERS was never a beneficiary of Plaintiff's loan. Additionally, MERS was never entitled to receive payments from Plaintiff pursuant to the note and MERS was not qualified to conduct business in the State of Georgia until March 10, 2011. Thus, MERS did not have legal standing or any legal right to substitute the trustee under the Deed of Trust. Moreover, the Notice listed March 1, 2011. The Notice was not issued pursuant to O.C.G.A. § 44-14-161 et al.

20.

The Notice was wrongfully sent out because the Defendant had granted to the Plaintiff a forbearance as Plaintiff was not in default with her payment obligations as she made all payments on the second mortgage and had received a loan modification.

21.

Prior to her receipt of the Notice, and afterwards, Plaintiff was still actively contacting BAC regarding her loan modification. Plaintiff did not receive any telephone calls or written correspondence from BAC, in response to the many inquiries she made. However, in August 2011 Plaintiff revoked the special power of attorney granted to the Defendant. Then in March 2012, Plaintiff called BAC again and spoke with Cassidy Williams who confirmed that Plaintiff was qualified for the modification program and also added Plaintiff's name to the list for the federal global settlement program.

22.

The Assignment by MERS was improper because MERS never had a beneficial interest in the Subject Property and was merely a "nominee" under the Deed of Trust. Therefore, the

Assignment was invalid and void. Moreover, the recording of the Notice of Default was invalid and void because it occurred outside of the State of Georgia in the State of California.

23.

Based upon information and belief, there was no assignment of the Note with theDeed of Trust, none of the foreclosing Defendants are the holder of the Note in due course, andnone of the Defendants were properly assigned the Note by Countrywide. Accordingly, none of the foreclosing Defendants were ever entitled to enforce the Note

24.

Based upon information and belief, on or about August 5, 2011, notwithstanding the fact that it did not the trustee under the Deed of Trust and it does not have any authority from the beneficiary under the Deed of Trust.

25.

Based upon information and belief, the Trustee's attempted Sale was also invalid because ittook place without anyone ever presenting the original note, or original and valid assignments of the note, to Plaintiff.

26.

Based upon information and belief, at no time did Plaintiff know, in fact, who the actual beneficiary of the Deed of Trust was. Further, Plaintiff is informed and believes that the actual beneficiary of the Deed of Trust NEVER provided a declaration to Bank of Mellon stating that Plaintiff was in default under the terms of the Deed of Trust and, accordingly, the recording of the Notice of Default and any subsequent documents relating to a non-judicial foreclosure were recorded in violation of O.C.G.A. § 44-2-43.

**COUNT I**
**NEGLIGENCE**

27.

Plaintiff realleges and incorporates paragraphs 1 through 26 above as if fully set herein.

28.

At all times relevant herein, the Defendants, acting as Plaintiff's lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper andaccurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by Plaintiff.

29.

In taking the actions alleged above, and in failing to take the actions as allegedabove, the Defendants breached their duty of care and skill to Plaintiff in the servicing of her loan by, among other things, failing to properly and accurately creditpayments made by Plaintiff toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so.

30.

Accordingly, and at all times relevant herein, Defendants were negligent by not properly recording Plaintiff's mortgage when it originated or was acquired which negligence has caused the mortgage and/or foreclosure process to be severely and unduly complicated.

31.

Defendants, at all times relevant herein, failed to maintain proper internal controls related to the processing of Plaintiff's mortgage and/or foreclosure resulting in unlawful robo signing of Plaintiff's mortgage and/or foreclosure documents.

32.

As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiff has suffered general and special damages in an amount to be determined at trial.

**COUNT II**
**FRAUD**

33.

Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set herein.

34.

The Defendants engaged in a pattern and practice of defrauding Plaintiff in that, during the life of the mortgage loan, the Defendants failed to properly credit payments made and foreclosed on the Subject Property based on Plaintiff's alleged non-payment which they knew to be false.

35.

The Defendants had actual knowledge that Plaintiff's account was not accurate but that the Defendants could use the inaccuracy to foreclose on the Subject Property which had substantial equity, to recover its excessive fees, charges and interest. Plaintiff made such payments and provided proof of the payments based on the improper, inaccurate, and fraudulent representations as to their account. The Defendants also utilized amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure.

36.

Additionally, the Defendants concealed material facts known to them but not to Plaintiff regarding payments, notices, assignments, transfers, late fees and charges with the intent to defraud Plaintiff.

37.

The Defendants made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiff's reliance, which the unsuspecting Plaintiff justifiably relied upon, resulting in damage to her credit standing, costs and loss of her property. Plaintiff was unaware of the true facts. Had Plaintiff known the true facts, Plaintiff, among other things, would not have maintained the Foreclosing Defendants as her lender, servicer and trustee (and their alleged agents) and/or would have taken legal action immediately to save her house.

38.

Defendants engaged in predatory lending practices which placed Plaintiff in a high-interest loan which was clearly designed to cause her to default on her loan, and placing Defendants in an advantageous position to repurchase the home at a lower rate cashing in on Plaintiff's equity.

39.

As a result of the Defendants' fraudulent conduct, Plaintiff has suffered compensatory, general and special damages in an amount to be proven at trial. Additionally, the Defendants acted with malice, fraud and/or oppression and, thus, Plaintiff is entitled to an award of punitive damages.

**COUNT III**
**BREACH OF CONTRACT**

40.

Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set herein.

41.

MERS operates as a record-keeping database company in which MERS contracts with lenders to track security instruments in return for an annual fee.

42.

Plaintiff's original loan agreement set forth dates by which monthly principal and interest payments were due, and when late fees and other charges could be assessed.Alternatively, if the original note and deed of trust were properly assigned to Defendants, Defendants breached the note and deed of trust that Plaintiff signed on April 16, 2006. The terms of the note required payments made by Plaintiff to be applied properly to the note.

43.

The Defendants breached the note and deed of trust by failing to apply the payments made by Plaintiff to Plaintiff's loan, the result of which led to the Defendants eventually foreclosing on the Subject Property.

44.

Moreover, MERS is not in the business of creating evidences, and it is not aforeign lending institution. It does not originate loans, never had any true interest in the subject loan or Deed of Trust, and thereby does not meet any legal exceptions to the registration requirement for foreign corporations.

45.

MERS conducted business in Georgiabefore it was not registered with theSecretary of State.At all relevant times herein, MERS was not registered in Georgia until March 10, 2011 and could notprepare or execute the Assignment of Deed of Trust. MERS had no legal authority to take such action. Thus, MERS did not have the legal capacity to enter into a contract

withPlaintiff. Therefore, any action that MERS took with regard to assigning the within deed of trust and substituting the trustee would be ultra vires and void.

46.

Plaintiff hereby expressly requestsadjudication to the effect that theassignment of the deed of trust and substitution of trustee by MERS are void.

47.

As a proximate result of Defendants' breaches, Plaintiffs have suffered compensatory damages in an amount to be proven at trial.

**COUNT IV**
**TO VOID, CANCEL AND/OR SET ASIDE**
**TRUSTEE'S SALE/DEED UPON SALE**

48.

Plaintiff realleges and incorporates paragraphs 1 through 47 above as if fully set herein.

49.

Although the trustee's deed upon sale appears valid on its face, it is invalid, andof no force and effect, for the reasons set forth above including, inter alia, the fact the Deed of Trust which purportedly secured the Note, which served as the basis for a claim to have the right to conduct a non-judicial foreclosure was at all times void due to the wrongful and improper assignment to the Defendants.

50.

Plaintiff is therefore entitled to an order that the Trustee's Deed Upon Sale isvoid ab initio and cancelling such Trustee's Deed.

51.

The assignment of the deed of trust is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the MERS did not have standing or the legal authority to assign the deed of trust which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure. Thus, the assignment ofthe deed of trust was at all times void.

52.

Plaintiff is therefore entitled to an order that the Assignment of the Deed ofTrust is void ab initio and cancelling such Assignment.

## COUNT V
## WRONGFUL FORECLOSURE

53.

Plaintiff realleges and incorporates paragraphs 1 through 52 above as if fully set herein.

54.

Plaintiff is informed and believes and thereon alleges that after the originationand funding of her loan, it was sold to investors as a "mortgage backed security" and that none of the Defendants in this action owned this loan, or the corresponding note. Moreover, none of the Defendants in this action were lawfully appointed as trustee or had the original note assigned to them. Accordingly, none of the Defendants in this action had the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiff's interest in the Subject Property. The Defendants were not the note holder or a beneficiary at any time with regard to Plaintiff's loan.

55.

In order for the mortgage loan and Note to have been properly conveyed in the pool, the Note would have had to have been properly endorsed by all intervening parties from the

originator and seller. At some point, the loan was sold and the depositor listed on the pooling servicing agreement. Thereafter, that depositor then sold the loan to the issuing entity which subsequently sold the loan to Defendant Trustee for the benefit of the certificateholders.

56.

A complete chain of endorsements must exist, each being sufficient to transfer all rights, title, and interest of the party endorsing the Note.

57.

Plaintiff further alleges on information and belief that none of the Defendants in this action are beneficiaries or representatives of the beneficiary and, if the Defendants allege otherwise, they do not have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

58.

Plaintiff further alleges on information and belief that the loan was sold ortransferred without notifying the Plaintiff in writing. Therefore, the loan is void of legal rights to enforce it.

59.

Additionally, Defendants violated O.C.G.A. § 44-14-162, which requires a mortgagee, beneficiary or authorized agent to contact theborrower.

60.

The Defendantsdid not fulfill their legal obligation to Plaintiff.

61.

Thus, the Defendants engaged in a fraudulent foreclosure of theSubject Property in that the Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with O.C.G.A. §44-2-43.

62.

As a result of the above alleged wrongs, Plaintiff has suffered general and special damages in an amount to be determined at trial.

**COUNT VI**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

63.

Plaintiff realleges and incorporates paragraphs 1 through 62 above as if fully set herein.

64.

Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealingrequires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenantimplies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

65.

Alternatively, if the note and deed of trust was validly and properly assigned to the Defendants, the Defendants did not act in good faith and did not deal fairly with Plaintiff in connection with the note and deed of trust when they refused to properly apply Plaintiff's payments to the loan and thereafter foreclosed on the Subject Property.

66.

Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. They were required to exercise such power in good faith.

67.

Defendants engaged in such conduct to drive Plaintiff intoforeclosure so that they could acquire the Subject Property with its large equity at a bargain basement price. These actions were a bad faith breach of the contract between Plaintiff and Defendants which show that they had no intention of performing the contract, consisting of the original note and deed of trust, in good faith.

68.

MERS willfully breached their implied covenant of good faith and fair dealingwith Plaintiff when MERS allowed their alleged agent to execute the Assignment of the Deed of Trust in order to appoint a new Trustee to begin foreclosure on the Subject Property.

69.

As a result of the Defendants' breaches of this covenant, Plaintiffhas suffered general and special damages in an amount to be determined at trial.

**COUNT VII**
**UNJUST ENRICHMENT**

70.

Plaintiff realleges and incorporates paragraphs 1 through 69 above as if fully set herein.

71.

By their wrongful acts and omissions, Defendants have beenunjustly enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived.

72.

By reason of the foregoing, Plaintiff seeks restitution from the Defendants, and an order of this Court disgorging all profits, benefits, and other compensation obtained by the Defendants from their wrongful conduct.

**COUNT VIII**
**VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT**

73.

Plaintiff realleges and incorporates paragraphs 1 through 72 above as if fully set herein.

74.

Georgia's Fair Business Practices Act of 1975, O.C.G.A. §10-1-39, et seq., prohibits unfair and deceptive acts or practices in the marketplace. This law applies to consumer transactions involving the sale, lease or rental of goods, services or property mainly for personal, family or household purposes.

75.

As more fully described above, the Defendants' acts and practicesare likely to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues to this date.

76.

Specifically, the Defendants engage in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters by (a) assessing improper or excessive late fees; (b) improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees; (c) instituting improper or premature foreclosure proceedings to generate unwarranted fees; (d) misapplying or failing to apply customer payments; (e) failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed; (f) seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract, or that are in excess of amounts legally due; (g) mishandling borrowers' mortgage payments and

failing to timely or properly credit payments received, resulting in late charges, delinquencies or default; (h) treating borrowers as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements; (i) failing to disclose the fees, costs and charges allowable under the mortgage contract; (j) ignoring grace periods; (k) executing and recording false and misleading documents; and (l) acting as beneficiaries and trustees without the legal authority to do so.

77.

Defendants fail to act in good faith as they take fees for services but do not render them competently and in compliance with applicable law.

78.

Moreover, Defendants engage in a uniform pattern and practiceof unfair and overly-aggressive servicing that result in the assessment of unwarranted and unfair fees against Georgia consumers, and premature default often resulting in unfair and illegal foreclosure proceedings. The scheme implemented by the Defendants is designed to defraud consumers and enrich the Defendants.

79.

The foregoing acts and practices have caused substantial harm to Georgia consumers.

80.

As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the Defendants, Plaintiff hassuffered and will continue to suffer damages in the form of unfair and unwarranted late fees and other improper fees and charges.

81.

By reason of the foregoing, Defendants have been unjustlyenriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiff, and/or be enjoined from continuing in such practices. Additionally, Plaintiff is therefore entitled to injunctive relief and attorney's fees as available under O.C.G.A. § 10-1-390 et. al.

**COUNT IX**
**QUIET TITLE**

82.

Plaintiff realleges and incorporates paragraphs 1 through 81 above as if fully set herein.

83.

Plaintiff is the equitable owner of the Subject Property which has thefollowing legal description:

> ALL THAT TRACT or parcel of land lying and being in Land Lot 46 of the 14th District of Fulton County, City of Atlanta, Georgia, and being more particularly described as follows:
>
> BEGINNING at a point located at the intersection of the southerly side of the right of way of Auburn Avenue (55-foot right of way) and the easterly side of the right of way of Howell Street (30-foot right of way); thence running along the southerly side of said Auburn Avenue North 66 degrees 34 minutes 07 seconds East a distance of 46.00 feet to 1/2 inch rebar found; thence leaving the southerly side of the right of way of Auburn Avenue and running South 00 degrees 00 minutes 00 seconds East a distance of 111.50 feet to a point; thence running South 88 degrees 54 minutes 06 seconds West a distance of40.50 feet to an 1/2 inch OT found on the easterly side of the right of way of said Howell Street; thence running along the easterly side of the right of way of said Howell Street North 01 degrees 02 minutes 42 seconds West a distance of 94.00 feet to the pointofbeginning.
>
> Said property containing 0.097 acres, as per survey prepared for Janet Hill, prepared by Richard E. McDaniel, Jr, a Georgia Registered Land Surveyor No. 2734, dated September 15, 1999.

84.

Plaintiff seeks quiet title against the claims of Defendants; and ALLPERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; as the Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through their assignment of the property. In fact, the Defendants had no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer. Plaintiff is willing to tender the amount received subject to equitable adjustment for the damage caused to Plaintiff by the Defendants' activities.

**COUNT X**
**SLANDER OF TITLE**

85.

Plaintiff realleges and incorporates paragraphs 1 through 84 above as if fully set herein.

86.

Pursuant toO.C.G.A. § 44-2-162, only thebeneficiary of a Deed of Trust or a beneficiary's assignee or the agent of a beneficiary or its assignee may cause to be recorded against real property either a Notice of Default or a Notice of Trustee's Sale.

87.

MERS, purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of Defendant Bank of Mellon, wrongfully and without privilege, caused a Notice of Default to be recorded against the Subject Property.

88.

Later, MERS, again purportedly but falsely acting as either the trustee or the agentof the beneficiary of the Deed of Trust or the agent of Countrywide, wrongfully and withoutprivilege, caused a Notice of Trustee's Sale to be recorded against the Subject Property.

89.

Finally, MERS, again purportedly but falsely acting as either the trustee or theagent of the beneficiary of the Deed of Trust or the agent of Countrywide, wrongfully and without privilege, caused a Trustee's Deed Upon Sale to be recorded against the Subject Property.

90.

None of the Defendants, whether jointly or severally, were ever a trustee, beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Subject Property. Accordingly, they wrongfully caused the recording of the Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale against the Subject Property.

91.

Mellon, wrongfully and without privilege, has published matters or causedmatters to be published that they are the current owners of the Subject Property which is untrue and disparaging to Plaintiff's interest in the Subject Property.

92.

By doing the acts described above, the Defendants have slanderedPlaintiff's title to the Subject Property.

93.

In that the conduct and acts of the Defendants violated, O.C.G.A. § 44-2-43, such conduct and acts were not privileged.

94.

The conduct of the Defendants caused Plaintiff to suffer general andspecial damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

1. For a declaration of the rights and duties of the parties, specifically that the Foreclosure of Plaintiff's residence was wrongful.
2. For issuance of an Order canceling all Trustee's Deed Upon Sale.
3. To vacate the Trustee's Deed.
4. To vacate and set aside and/or cancel the foreclosure sale.
5. To quiet title in favor of Plaintiff and against Defendants.
6. For compensatory, special, general and punitive damages according to proofagainst all Defendants.
7. That all Defendants, theirsuccessors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of Georgia's Fair Business Practices Act of 1975, including, but not limited to, the violations alleged herein.
8. For civil penalties pursuant to statute, restitution, injunctive relief and reasonableattorney's fees according to proof.
9. For reasonable costs of suit and such other and further relief as the Court deemsproper.

This the 27 day of July, 2012.

Respectfully submitted,

Gregory T. Bailey
Georgia Bar No. 032075
Attorney for Plaintiff

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia 30134
Telephone: 404-397-1975 ext. 1100
Personal Fax: 404-752-5890
attygregtbailey@msn.com

IN THE SUPERIOR COURT OF FULTON COUNTY
**STATE OF GEORGIA**

| | |
|---|---|
| **JANET HILL,**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as trustee for the certificateholders of CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS, INC., and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO,**<br><br>**Defendants.** | **CIVIL ACTION NO.:** ______________ |

**VERIFICATION**

Personally appeared JANET HILL, who, after being duly sworn, states: I am the Plaintiff in this action. I have read the foregoing Complaint for Quiet Title. The matters stated, and the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

JANET HILL

Sworn to and subscribed before me this

29th day of July, 2012.

Notary Public (SEAL)

LISA WILBORN
MY COMMISSION EXPIRES
NOTARY PUBLIC
OCTOBER 30, 2015
CLAYTON COUNTY, GEORGIA

X

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☒ **Superior**
☐ **State**

**County** FULTON

**Date Filed** ____________
MM-DD-YYYY

**Docket #** 2012CV218864

**Plaintiff(s)**

HILL, JANET
Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

**Defendant(s)**

Bank of New York /
Last First Middle I. Suffix Prefix Maiden

Mellon Corporation
Last First Middle I. Suffix Prefix Maiden

COUNTRYWIDE Home Loan, Inc
Last First Middle I. Suffix Prefix Maiden

Last First Middle I. Suffix Prefix Maiden

**No. of Plaintiffs** ______

**No. of Defendants** 2

FILED IN OFFICE
JUL 3 0 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**Plaintiff/Petitioner's Attorney** ☐ **Pro Se**

Bailey, Gregory T.
Last First Middle I. Suffix

**Bar #** 032075

**Check Primary Type (Check only ONE)**

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☐ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify ____________

**If Tort is Case Type:**
(Check no more than **TWO**)

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify ____________

**Are Punitive Damages Pleaded?** ☐ **Yes** ☐ **No**

**SHERIFF'S ENTRY OF SERVICE**

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. 2012CV218864

Date Filed 7/30/2012

Superior Court [X] State Court [ ] Juvenile Court [ ] Magistrate Court [ ] Probate Court [ ]

Georgia, Fulton COUNTY

Attorney's Address
Greg T. Bailey & Associates
5682 Palazzo Way #101
Douglasville, GA 30134

Name and Address of Party to be Served
Bank of New York/Mellon Corp.
900 Ashford Pkwy #425
Atlanta, GA 30338

Janet Hall

Plaintiff

VS.

THE BANK OF NEW YORK MELLON / MELLON CORP.

Defendant

Garnishee

FILED IN OFFICE
SEP 26 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**SHERIFF'S ENTRY OF SERVICE**

PERSONAL

[ ] I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS

I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place of abode in this County.

[ ] Delivered same into hands of ______ described as follows: age, about ______ years; weight ______ pounds; height, about ______ feet and ______ inches, domiciled at the residence of defendant.

CORPORATION

Served the defendant ______ a corporation

[ ] by leaving a copy of the within action and summons with ______ in charge of the office and place of doing business of said Corporation in the County.

TACK & MAIL

[ ] I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

[X] Diligent search made and defendant Bank of New York 1600 pm not to be found in the jurisdiction of this court. Gwinnett County Area

This 22 day of Sept, 20 12

2236

DEPUTY

SHERIFF DOCKET ______ PAGE ______

WHITE-CLERK CANARY-PLAINTIFF PINK-DEFENDANT

ERIFF'S ENTRY OF SERVICE

X

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. 2012CV218864

Date Filed 7/30/12

Superior Court ☒ State Court ☐ Juvenile Court ☐ Magistrate Court ☐ Probate Court ☐

Georgia, Fulton COUNTY

Attorney's Address
Greg J. Bailey & Assoc
5682 - Palazzo Way Suite 101
Douglasville Ga 30134

Name and Address of Party to be Served.
CT Corporation
1201 Peachtree Street NE
Atlanta, GA. 30361

Janet Hill

Plaintiff

vs.

The Bank of New York
FKA The Bank of New York Mellon

Defendant

FILED IN OFFICE
SEP 26 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

PERSONAL

☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS

I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of ______ described as follows: age, about ______ years; weight ______ pounds; height, about ______ feet and ______ inches, domiciled at the residence of defendant.

CORPORATION

☒ Served the defendant The Bank of New York Mellon a corporation by leaving a copy of the within action and summons with R/A S. Edwards in charge of the office and place of doing business of said Corporation in the County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this court.

This 24 day of Sept, 2012.

Morgan #2522

DEPUTY

SHERIFF DOCKET ______ PAGE ______

WHITE-CLERK CANARY-PLAINTIFF PINK-DEFENDANT

X

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

FILED IN OFFICE
NOV 29 2012
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| JANET HILL, Plaintiff, | * | CIVIL ACTION File No. 2012cv218864 |
| v. | * | |
| THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as Trustee for the certificate holders of CWALT, et al., Defendants. | * | |

**NOTICE OF DEFAULT HEARING**

Upon review of the record, it appears that Defendant The Bank of New Mellon fka The Bank of New York may be in default. Accordingly, this Court will conduct a default hearing on **December 19, 2012,** at **2:00 p.m.,** Courtroom **4D**, Justice Center Tower, 185 Central Avenue, S.W., Atlanta, Georgia 30303, to determine if Defendant is, in fact, in default and, if so, the damages due to Plaintiff. If the damages are liquidated, Plaintiff may submit a motion for default judgment and proposed order, along with supporting documentation and/or evidence, no later than December 14, 2012.

SO ORDERED, this 29th day of November, 2012.

JERRY W. BAXTER, JUDGE
SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT

*Copies to:*
**Gregory T. Bailey**
Global Information Technology Corp.
5682 Palazzo Way, Suite 101
Douglasville, GA 30134
attygregtbailey@msn.com

**The Bank of New Mellon fka The Bank of New York**
CT Corporation
1201 Peachtree Street, NE
Atlanta, GA 30361
*Defendant*

State of New York )
County of ________ )

2012CV218864

FILED DEC 13 2012 DEPUTY CLERK SUPERIOR COURT ...UNTY, GA

TPT

The undersigned being duly sworn, deposes and says:

Thomas A. Beatty is not a party to the action, is over
(name of person serving papers)

18 years of age and resides at 2660 Fredrick Douglas Blvd.
New York N.Y. 10030, Suite 10H
(complete address of person serving papers)

That on November 9, 2012, deponent served the within
(date of service)
Summon & Complaint
(name of document[s] served)

upon BNY Mellon / Anthony R. Mancuso, V.P. located at
(name of person/corporation served)
One Wall Street, 11th Floor NY. N.Y. 10286
(complete address where other party/corporation served)

(Select method of service)

✓ Personal Service: by delivering a true copy of the aforesaid documents personally; deponent knew said person/corporation so served to be the person/corporation described

____ Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope in a post office or official depository under the exclusive care and custody of the United States Postal Service

Thomas A. Beatty
Signature of person serving papers

THOMAS A. BEATTY
Printed Name

Sworn to before me this 29

day of NOVEMBER, 2012

Joseph K. Eady
Notary Public

JOSEPH K. EADY
Commissioner of Deeds
City of New York, No. 3-3593
Certificate Filed in Bronx County
Commission Expires Nov. 1, 2014