# EXHIBIT D

FILED IN OFFICE
JUL 29 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**JANET HILL,**

**Plaintiff**

**BANK OF AMERICA, INC.**

**CIVIL ACTION**

**Defendant**

2011CV203839

**COMPLAINT**

Comes Now JANET HILL Plaintiff in the above-styled action and files this her Complaint against BANK OF AMERICA Inc. (USA), Defendant respectfully shows the Court as follows:

**COMPLAINT**

**PARTIES AND JURISDICTION**

1.

Plaintiff is a resident of Fulton County, Georgia, and her property in this county is the subject of this matter.

Defendant Bank of America Inc., hereinafter " BOA", conducts business in Fulton County, Georgia and may be served through its registered agent CT Corporation System at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

2.

Jurisdiction and venue are proper in this Court as to all Defendants.

**STATEMENT OF FACTS**

3.

Plaintiff obtained a mortgage loan from Country Wide Home Loan on or about October 5, 2005 in the amount of $464,000.00. The loan was subsequently sold to Bank of America.

In early 2009, they were made aware of a federal mortgage relief program called Making Home Affordable Program. This federal program was offered through her loan servicer BOA and was to be operated with certain criteria. Borrowers must first be delinquent with their payments. Secondly, they must provide the servicers with an application and documents to support their income and ability to make the proposed new monthly payments. Once approved, the borrower is required to make three payments on time and in the full amount.

Plaintiff immediately contacted BOA and after a series of telephone calls between her and BOA, and after the exchange of additional supporting documents, some of which were lost or misplaced by BOA and had to be resubmitted, Plaintiff was again offered a modification which would have reduced her monthly payments.

4.

Plaintiff applied for relief under the plan with her mortgage servicer BOA in June 2009 by completing the application provided to her by BOA. But, instead of offering to lower her payments, they offered to increase her payments which certainly were contrary to the purpose and intent of the program.

5.

On October 2010 QWR, Qualified Written Request submitted. It has not been completely resolved. All documents requested were not received. Therefore, the amount of the loan and the terms of the loan may not be accurate.

6.

On October 18, 2010 Plaintiff Received letter "thank you or participating in loan modification process." Plaintiff called for months and never received a response. It lists various BOA loan servicing agencies and the instructions to review fees on the account.

7.

On February 2011 Plaintiff Submitted second application for loan modification. (Faxed, email and overnight mail)

8.

On March 3, 2011 Plaintiff Application was denied. Reason, did not receive docs.

9 .

On March 2011 Plaintiff filed an appeal. Re-sent docs via fax, email, overnight mail. This is now the seventh copy of the application submitted, to a specific individual via email and fax as well as BAC prepaid envelope and a BAC dedicated fax number.

10.

On March 21, 2011 a email from Jamie Blake- Hill reporting loan in underwriting.

11.

On May 3, 2011 Plaintiff Requested to confirm default amount $511,000. Notice foreclosure anticipated.

12.

On May 9, 2011 Plaintiff Call to Home Retention Department, learned contact information was incorrect. Also, per Eric, Customer Service Manager, representative #5830, Home Retention Department confirmed, the underwriting process completed on March 22. The loan modification application is now in its final stage for Trial Payment Notification.

13.

On May 12, 2011 Plaintiff Called to BAC, Plaintiff was notified of the sale date, July, loan modification status confirmed again, waiting for Trial Payment. See attached letter.

14

In January 2010, Plaintiff received correspondence from the foreclosure attorney for BOA that she was delinquent. In February, they notified her that her house would be foreclosed in March 2010. This news caused her great worry and stress. She called BOA every day and was consistently told that her application for a modification was fine, they were working on it, and that no foreclosure sale would occur while her request was being processed.

15.

The offer to Plaintiff to modify the loan was accepted when she submitted her application. BOA had an obligation to promptly attend to it and to guide Plaintiff through the process. When she was told not to make the December and January payments, which was contrary to the plan, BOA breached the contract between the parties.

**COUNT TWO**

**DECEPTIVE TRADE PRACTICE**

**16.**

Plaintiff re-alledges and incorporates by reference the foregoing Paragraphs 1 through 15 of her Complaint as if fully restated herein.

17.

Defendant, Bank of America Corporation refused to honor the promises made by its official that dealt with the Plaintiff and they told that she was approved for the modification and her paperwork would be forwarded to the underwriting for final approval.

18.

Defendant has bargained in bad faith with the Plaintiff. While receiving the Plaintiff's paperwork and cooperation, Defendant has engaged in a two-tier policy unbeknownst to the Plaintiff.

19.

Defendant continually loses Plaintiff's paperwork and pursues processing the loan for foreclosure while telling the Plaintiff that the loan modification is pending.



20.

Plaintiff has written the Defendant and placed it on notice. However, the Defendant has

not even responded to the Plaintiff in writing more than two months later. Defendant is engaged in deliberate deceptive trade practices that violates the state of Georgia statutes.

21.

Plaintiff had complied with every request made by BOA. She supplied them with all the documentation asked for, and sometimes provided the same documentation two and three times. She accepted the assurances from BOA that no foreclosure sale would be held. These assurances meant that she was unable to consider other alternatives to save her house such as a sale or a bankruptcy filing.

WHEREFORE, Plaintiff prays as follows:

(a) That process issue and be served as provided by law;

(b) What this Court find in favor of Plaintiff under Count 1 and enter judgment against BOA in an amount to be determined at trial;

(c ) that this Court find in favor of Plaintiff under Count 2 and enter judgment against BOA in an amount to be determined at trial;

(d) That this Court grant Plaintiff such other and further relief as this Court deems just and appropriate under the circumstances.

GREG T. BAILEY & ASSOCIATES

Respectfully submitted,

Greg T. Bailey, Ga. Bar 032075

5682 Palazzo Way Suite 1
Douglasville, Ga. 30134