IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANET HILL,

Plaintiff,

v.

THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as trustee for the certificateholders of CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS, INC., and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO,

Defendants.

CIVIL ACTION FILE
NO. 1:12-cv-04344-WSD

**DEFENDANTS THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA, N.A. and COUNTRYWIDE HOME LOANS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2005-58 ("BONY"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America, NA., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BANA")[1] and Countrywide Home Loans, Inc. ("Countrywide") (collectively, "Defendants"), by special appearance and without waiving any affirmative defenses, including but not limited to insufficiency of process and insufficiency of service of process, through its undersigned counsel, file this Memorandum of Law in Support of their Motion to Dismiss.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

This is the second action filed by Plaintiff concerning real property located at 543 Auburn Avenue, Atlanta, Georgia (the "Property"). On October 5, 2006, Plaintiff refinanced her residential home with a loan from America's Wholesale

[1] Bank of America, N.A. is the successor by merger to BAC Home Loans Servicing, LP ("BACHLS") which was formerly known as Countrywide Home Loans Servicing LP ("CHLS"). Therefore, BANA appears as successor by merger to BACHLS f/k/a CHLS and BACHLA f/k/a CHLS is referred to as BANA throughout this Memorandum.

[2] Defendants treat the allegations of the Complaint as true only for the purposes of this Motion to Dismiss.

Lender,[3] guaranteed by a Security Deed to MERS, as nominee for Countrywide and its successor and assigns.[4] The Deed identifies a promissory note (the "Note") signed by Plaintiff, dated October 6, 2005, which reflects Plaintiff's indebtedness in the amount of $464,000.00. See Doc. No. 1-3.

Plaintiff's Complaint asserts an assortment of bald and confusing legal conclusions with no comprehensible facts to support the claims. Plaintiff appears to primarily take issue with Defendants servicing of the loan and operation of a loan modification program. Plaintiff alleges that in August of 2009, BANA approved her for participation in the workout assistance program. However, Plaintiff did not timely receive any loan modification documents. (Compl. ¶ 13.) In October of 2010, Plaintiff received an incomplete response to a Qualified Written Request ("QWR") regarding the owner of her Note. (Compl. ¶ 14.)

Plaintiff apparently applied for a loan modification again in January of 2011. Plaintiff regularly communicated with BANA concerning the status of her

[3] America's Wholesale Lender is a "doing business as" (i.e., "trade" or "assumed") name for Countrywide Home Loans, Inc. America's Wholesale Lender is referred to as Countrywide throughout this Memorandum.

[4] The Security Deed was recorded on October 25, 2005 in the Forsyth County Georgia land records at Book 41205, Page 241-251. This Court may take judicial notice of public records not attached to a complaint when considering a motion to dismiss. See Bryant v. Avado Brands, Inc., 187 F.3d 1272, 1280 (11th Cir. 1999). Further, the Security Deed is central to Plaintiff's claims and may be considered without converting Defendant's Motion to Dismiss to one for summary judgment. See Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

loan modification through July 21, 2011, but alleges she never received an actual modification or sufficient information regarding the status of the modification. (Compl. ¶ 17-18.)

On June 1, 2011, MERS, as nomine for Countrywide, assigned the Security Deed to BONY (the "Assignment) Plaintiff alleges the Assignment was invalid. On June 24, 2011, Plaintiff received a foreclosure notice indicating that a Notice of Default and Election to Sell Deed of Trust had been recorded on the property. (Compl. ¶ 19.) Plaintiff claims the notice was wrongful because she was not in default. (Compl. ¶ 20.) After receiving the foreclosure notice, Plaintiff contends she continued to contact BANA regarding a loan modification and that as of March 2012, it was confirmed that Plaintiff qualified for the loan modification program. (Compl. ¶ 21.) Although Plaintiff vaguely and generally makes claims pursuant to a foreclosure of the Property, Plaintiff never specifically alleges that a foreclosure sale occurred. There are no specific allegations regarding who foreclosed on the Property, when the foreclosure occurred, or who obtained the Property as a result of the foreclosure. Plaintiff does not attach any documents related to the alleged foreclosure to the Complaint. Defendants deny any foreclosure sale occurred.

This action is Plaintiff's second attempt to assert claims against Defendants

related to the Property and loan in question. On July 29, 2011, Plaintiff previously filed suit against BANA in the Superior Court of Fulton County ("Hill I"). Doc. No. 1-4. As in the instant action, Plaintiff's Complaint was replete with bald legal conclusions with no comprehensible facts in support thereof. The allegations again primarily took issue with BANA's servicing of the October 5, 2005 loan and operation of the loan modification program. The Complaint referenced both attempts by Plaintiff to apply for a loan modification in 2009 and 2011. In addition, the Complaint referenced Plaintiff's multiple attempts in the Spring and Summer of 2011 to communicate with BANA regarding the status of her loan modification. Furthermore, the Complaint again referenced Plaintiff's QWR in October of 2010 that was not "completely resolved." Pursuant to these rambling, scattered, and value allegations, Plaintiff asserted a claim for "deceptive trade practice."

BANA removed Hill I to this Court on September 7, 2011 and subsequently filed a motion to dismiss. See, <u>Hill v. Bank of America, Inc.</u>, 1:11-CV-02991-JOF, docket numbers 1, 2, 2-1. In response, Plaintiff filed two motions to amend the Complaint. <u>Id.</u>, docket numbers 7, 12. The second motion to amend was granted and this Court considered BANA's Motion to Dismiss with respect to the Amended Complaint. <u>Id.</u>, docket number 15, p. 7. The Amended Complaint

added eight Defendants to Hill I, including BAC Home Loans Servicing, LP and Countrywide Home Loans, Inc., but was otherwise incomprehensible. This Court construed the Amended Complaint to state claims for violations of Georgia's Deceptive Trade Practices Act and fraud or breach of verbal agreement in addition to "attempting to raise issues with the validity of the assignment of her mortgage." Id., docket number 15, p. 10. 10). This Court granted BANA's motion to dismiss and dismissed Plaintiff's Amended Complaint with prejudice. Id., docket numbers 15, 16.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending Motion to Dismiss, all of the well-pleaded factual allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff. See Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1037 (11th Cir. 2008). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting Twombly, 550 U.S. at 555).

### B. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULES 8 AND 12(b)(6).

Plaintiff's Complaint must be dismissed with prejudice for failing to state any claim. In order to avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 marks a notable and generous departure from the hyper-technical,

code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (May 18, 2009) (emphasis added); see also Twombly, 550 U.S. at 555. Under Twombly and Iqbal, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570. Simply concluding that defendants harmed Plaintiff, as Plaintiff does here, completely fails to meet minimum pleading standards. See Iqbal, 129 S. Ct. at 1949. In McGregor v. Wells Fargo Bank, this Court squarely rejected a similarly frivolous lawsuit:

> In addition to its frivolous and immaterial factual allegations, Plaintiff's complaint contains a series of conclusory allegations that the defendants committed breach of contract, acts of fraud and racketeering and usury and racketeering, Truth in Lending violations, and violations of antitrust laws and constitutional amendments. These allegations are no more than labels and conclusions[.] They are naked assertions devoid of further factual enhancement, and as such, they are insufficient to state a claim. They do not allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Thus, even taking Plaintiff's pro se status into account, Plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed.

McGregor v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 15770, at *13-14 (N.D. Ga. 2011) (citations and quotations omitted).

To properly state a claim, a plaintiff must allege a factual basis for each element of each claim he asserts, setting forth "enough factual matter (taken as

true) to suggest [each] required element." Watts v. Fla. Intern. Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." Poblete v. Goldberg, 680 F. Supp. 2d 18 (D.D.C. Dec. 29, 2009) (dismissing with prejudice the complaint where the complaint was comprised of confusing legal theories and insufficient factual pleadings). A claim for relief must contain more than labels and conclusions. Twombly, 550 U.S. at 555.

Here, Plaintiff's Complaint is entirely deficient. Plaintiff's Complaint contains minimal (and very confusing) allegations of fact and really consists only of bald conclusions. Plaintiff sued several Defendants, including BONY, BANA, MERS, and Countrywide, but Plaintiff makes no real effort to distinguish the conduct of each individual Defendant and Plaintiff does not allege facts supporting a conclusion of wrongdoing by each individual Defendant. Plaintiff's Complaint fails to even set out the most bare and general assertions of fact from which a cause of action could possibly arise. As such, Plaintiff fails to place Defendants on

reasonable notice of the substance of the dispute or the allegations made against each Defendant. Accordingly, the Complaint should be dismissed.

### C. PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL.

#### *1. Res Judicata*

The Complaint must be dismissed because Plaintiff's claims are barred by the doctrine of *res judicata*. Hill I involved the same operative facts, nearly identical parties or parties in privity with them, and many of the same claims and theories for relief as alleged in the case at bar. "Res judicata is a doctrine of claim preclusion; it refers to 'the preclusive effect of a judgment in foreclosing re-litigation of matters that should have been raised in an earlier suit.'" Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468, 1470 (11th Cir. 1986) (quoting Migara v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)). "Barring a claim on the basis of res judicata is a determination of law." Ragsdale v. Rubbermaid, Inc., 193 F. 3d 1235, 1238 (11th Cir. 1999).

Under the doctrine of *res judicata*, a claimant cannot relitigate a claim that has already been subject to a final judgment on the merits. See In re Omine, 485 F. 3d 1305, 1311-12 (11th Cir. 2007). A party seeking to invoke the doctrine of res judicata must satisfy four initial elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final

judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." Id. Furthermore "any claim that was or could have been adjudicated in the previous action is precluded." NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990).

The record conclusively establishes that the first two elements of *res judicata* are satisfied. On February 28, 2012, a final judgment was entered by this Court against Plaintiff in Hill I dismissing the case with prejudice. See, Hill v. Bank of America, Inc., 1:11-CV-02991-JOF, Doc. 16. Consequently, the judgment in the previous action was by a Court of competent jurisdiction and "operates as an adjudication upon the merits of the action." See, Fed. R. Civ. P. R. 41(b).

Likewise, the third element of *res judicata* is satisfied. Hill I named Countrywide Home Loans, Inc. and BANA as Defendants. Therefore, the parties are substantially the same, with the only change being the addition of BONY and MERS to this action. Both MERS and BONY are considered a privity for purposes of *res judicata*. At all relevant times, MERS acted as nominee for Countrywide, a defendant in Hill I, and is therefore a privity to Countrywide. Likewise, BONY is the assignee of the Security Deed from MERS on behalf of Countrywide. In Georgia, BONY would be considered a privity to Countrywide.

> A party has been held to be in privity with a party to the former litigation when he bears the relationship of successor to a predecessor

> in title, a cestui que trust to a trustee or quasi-trustee, a beneficiary in estate to an administrator, a principal to an agent or agent to a principal, a city to its treasurer; and in class actions, where a party is one of a group of municipal taxpayers or citizens in whose behalf expressly or by necessary implication the former suit was brought by a taxpayer or property owner upon a matter of public and general interest to all other taxpayers of such political subdivision.

College Park Land Co. v. Mayor, etc., of College Park, 48 Ga. App. 528, 528-29, 173 S.E. 239, 240 (1934) (emphasis added).

Finally, the Complaint and Amended Complaint in Hill I and the instant lawsuit arise out of the same "nucleus of operative facts," and must be treated as presenting the "same cause of action" for purposes of *res judicata*. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990) (internal quotation marks and citation omitted); see also NAACP v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990) ("Res judicata applies not only to the precise legal theory presented in the prior case, but to *all legal theories and claims arising out of the same nucleus of operative fact*." (emphasis added)); Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992) (explaining that res judicata "bars re-litigation of matters that . . . could have been litigated in [the] earlier suit").

Here, the claims asserted in the previous lawsuit and the current lawsuit arise from the same Property and mortgage loan. Hill I and the instant action both relate to Defendants servicing of the loan and operation of a loan modification program. Both lawsuits specifically allege that Defendants improperly handled Plaintiff's two attempts to apply for a loan modification. Both lawsuits specifically allege that Defendants did not fully respond to Plaintiff's QWR. Both lawsuits challenge the Assignment of the Deed from MERS, as nominee for Countrywide, to BONY. Notably, the Assignment which forms the crux of Plaintiff's current claims, was executed in and recorded in June of 2011 before Plaintiff filed Hill I on or about July 29, 2011. Accordingly, because Plaintiff's instant lawsuit arises out of the same "nucleus of operative fact" and is based on the same factual predicate as Plaintiff's previous lawsuit, they are deemed to present the same cause of actions.

**2. Collateral Estoppel**

The Complaint must be dismissed because the Plaintiff's claims are likewise barred by the doctrine of collateral estoppel. Collateral estoppel bars re-litigation of an issue previously decided "if the party against whom the prior decision is asserted had a full and fair opportunity to litigate that issue in an earlier case." United States v. Weiss, 467 F.3d 1300, 1308 (11th Cir. Fla. 2006) (citation

omitted). The party seeking to invoke collateral estoppel must establish that (1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party in the prior proceeding; and (4) the precluded issue was actually litigated in the prior proceeding. Id.

In the pending case, (1) the issues are identical to Hill I; (2) both the Complaint and Amended Complaint were dismissed in Hill I as a matter of law; (3) Ms. Hill is again the Plaintiff; and (4) whether or not Defendants properly serviced the loan, processed Plaintiff's loan modification applications, and assigned the Deed to BONY were litigated and decided in the previous litigation.

Accordingly, Plaintiff's Complaint is barred by the doctrines of *res judicata* and collateral estoppel. These longstanding principles are applied to protect defendants from harassment, abusive litigation, and from defending duplicative claims from the same parties. For this reason alone, this lawsuit should be promptly and expediently dismissed in its entirety as a matter of law with prejudice.

**D. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff has not brought a claim upon which relief may be granted, because, in light of the controlling law, Plaintiff can prove no set of facts which would entitle her to relief. Consequently, Plaintiff's claims must be dismissed with prejudice. Plaintiff's Complaint consists entirely of untrue factual statements and legal conclusions that do not state or specify how Defendants violated any of the laws underlying Plaintiff's allegations, therefore Plaintiff's Complaint must be dismissed.

### 1. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE.

In support of her negligence claim, Plaintiff contends Defendants had a duty to exercise reasonable care in the  in the maintenance and servicing of Plaintiff's loan and subsequent foreclosure. Plaintiff alleges Defendants breached this duty by failing to properly service the loan, preparing and filing false documents, and foreclosing on the Property without legal authority and/or proper documentation to do so. (Compl. ¶¶ 28-29.)  These allegations are wholly insufficient to state a claim for negligence.

Essentially, Plaintiff has asserted her breach of contract allegations (as discussed more fully below) into a tort claim.  Georgia law is clear that "the failure to perform a contract does not constitute a tort, and a plaintiff has 'a tort claim only where, in addition to breaching the contract, the defendant also breaches an

independent duty imposed by law.'" McGinnis v. Am. Home Mortg. Servicing, 2012 U.S. Dist. LEXIS 16193, at *16 (M.D. Ga. 2012). In fact, this is true even where a contract is breached in bad faith. ServiceMaster Co., L.P. v. Martin, 252 Ga. App. 751, 754 (2001). In ServiceMaster, the Court of Appeals of Georgia held that a plaintiff could not support a tort claim where all the duties a company owed to him "arise directly from, not independent of, [plaintiff's] written employment contract." Id. The court reasoned that all issues regarding the duties owed, whether the duties were breached, injury and remedy for the breach, were controlled by the contract. Id.

Furthermore, Georgia courts have held that "[i]f there is no liability except that arising out of breach of the express terms of [a] contract, the action must be in contract[.]" Commercial Bank & Trust Co. v. Buford, 145 Ga. App. 213, 215 (1978); see also Blackburn v. BAC Home Loans Servicing, LP, 2012 U.S. Dist. LEXIS 130905, *19-20 (M.D. Ga. September 15, 2012) (ruling that failure to allege breach of a duty independent of the contractual relationship between the parties was fatal to plaintiffs' claim of negligent failure to exercise due care in servicing loan). To put it another way, "[a] breach of contract does not, by itself, give rise to a cause of action in tort; and when the allegation that a tort was committed adds nothing of substance to the breach of contract claim, it is mere

surplusage." WESI, LLC v. Compass Environmental, Inc., 509 F. Supp. 2d 1353, 1361 (N.D. Ga. 2007). The court therefore recognized the well-established rule that "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual duty." See Fielbon Dev. Co., LLC v. Colony Bank of Houston Cnty. 290 Ga. App. 855, 856 (2008) (internal citation omitted). This rule has been consistently upheld in courts across the country.[5]

In the case at bar, Plaintiff's negligence claim, based on servicing of the loan, arises solely from the mortgage relationship between Plaintiff and Defendants. There is not duty alleged that Defendants owed to Plaintiff outside of the mortgage context. Plaintiff is unable to point to a single duty Defendants owed her outside of their contractual relationship. Accordingly, Plaintiff's claim for negligence is untenable and should be dismissed with prejudice.

### 2. PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD.

[5] See, e.g., Jackson v. Countrywide Home Loans, Inc., 2012 U.S. Dist. LEXIS 29994, at *18 (M.D. Ala. Mar. 7, 2012) (ruling that "Plaintiff's claim for negligent or wanton loan servicing offers a breach of contract dish, but is listed on the menu as a tort" when "there is no duty owed to the general public to properly service mortgage accounts."); Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 693 (7th Cir. 2011) (affirming dismissal of negligence claim because "each duty that the plaintiffs identify has its root in the note-and-mortgage contract itself"); Sarsfield v. CitiMortgage, Inc., 707 F. Supp 2d 546, 554 (M.D. Pa. 2010) (plaintiff's negligence claims based on alleged breaches of RESPA duties and "a more generalized tort duty to use reasonable care in servicing the mortgage" were barred by contract; "[a]bsent [the mortgage] contract – a federally related mortgage loan – the parties would not have had a relationship and Defendant's obligations under RESPA would never have materialized.").

In support of her fraud claim, Plaintiff contends Defendants committed fraud by failing to properly credit payments made by Plaintiff and foreclosing on the Property based on Plaintiff's alleged non-payment which Defendants knew to be false. (Compl. ¶¶ 34-35.) Notably, Plaintiff again fails to specifically allege if, how, or when a foreclosure sale occurred. Plaintiff also alleges that Defendants concealed material facts regarding the servicing of Plaintiff's loan with the intent to defraud Plaintiff resulting in damage to Plaintiff. (Compl. ¶¶ 36, 37.)

Under Georgia law, the tort of "fraud" has five essential elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. Lehman v. Keller, 297 Ga. App. 371, 372-73 (2009). At the very least, the Plaintiff should designate the who, what, where, when and why of the claim. Diversified Holding Corp. v. Clayton McLendon, Inc., 120 Ga. App. 455, 170 S.E.2d 863 (1969).

First, Plaintiff never identifies the specific dates or times the alleged misrepresentation was made and Plaintiff never alleges who made the purported misrepresentations. Plaintiff states she reasonably relied on the purported misrepresentations, but does not explain how so. All of Plaintiff's accusations are meritless or inaccurate and insufficiently specific. Thus, Plaintiff fails to meet the

standards outlined above requiring specificity in the circumstances of the misrepresentations or omissions. Furthermore, Plaintiff has not demonstrated reasonable or justified reliance on any alleged representations or omissions made by Defendants. Thus, Plaintiff's fraud claim fails as a matter of law and should be dismissed with prejudice.

### 3. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.

In support of her breach of contract claim, Plaintiff alleges Defendants breached the note and deed of trust by failing to properly apply payments made by Plaintiff to her loan. (Compl. ¶ 43.)[6]

In order to establish a viable breach of contract claim, a plaintiff must establish: (1) its own performance under the contract; (2) that defendant breached the contract; and (3) that the breach caused the plaintiff harm. *Jones v. Central Builders Supply Co., Inc.,* 217 Ga. 190, 195-96, 121 S.E.2d 633, 638 (1961) (citations omitted). Here, Plaintiff fails to assert sufficient facts to support all of these elements.

[6] Plaintiff also alleges that the Assignment and an apparent substitution of trustee by MERS is void as MERS was not registered to conduct business in Georgia at the time they were filed. Notably, Plaintiff does not attach a copy of the substitution to the Complaint. Plaintiff alleges that MERS was not registered in Georgia until March 10, 2011. (Compl. ¶¶ 45-46). This defeats Plaintiff's argument that the Assignment and Substitution are invalid based on MERS not being registered in Georgia as the Assignment took place after on June 1, 2011. (Compl. ¶ 11).

Plaintiff merely alleges the elements of a breach of contract claim without pointing to specific provisions purportedly violated by each Defendant. Plaintiff merely states in a conclusory manner that Defendants breached a contract that caused her damage. This allegation is wholly insufficient. Wideman v. Bank of Am., N.A., U.S. Dist. LEXIS 147997, at *13-15 (M.D. Ga. 2011) ("[T]he failure to allege that a specific provision of a contract was breached is sufficient cause to support a motion to dismiss."); see also Am. Casual Dining, L.P. v. Moe's Southwest Grill, LLC, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (citing Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1327 (11th Cir. 2005)).

### 4. PLAINTIFF FAILS TO STATE A CLAIM TO VOID, CANCEL AND/OR SET ASIDE TRUSTEE'S SALE/DEED UPON SALE.

In support of this "claim," Plaintiff contends the Deed upon Sale is invalid due to the wrongful and improper Assignment executed by MERS and seeks a declaration that the Assignment is void causing the Deed Upon Sale to also be void. (Compl. ¶¶ 49-52.) Notably, the Deed of Sale is not attached to the Complaint. Further, Defendants deny any foreclosure sale took place or that a Deed of Sale exists.

Plaintiff is not entitled to any relief declaring the Assignment void as she lacks standing to challenge the Assignment. The Assignment at issue did not

involve Plaintiff – it was between MERS, as nominee for Countrywide, and BONY. Thus, Plaintiff has no standing to raise a claim because it is based upon a transaction to which she was not a party. It is well-established that a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract. For example, in Jenkins v. McCalla Raymer, LLC, N.D. Georgia No. 1:10-cv-03732-CAP (Jul. 28, 2011) (affirmed by Jenkins v. McCalla Raymer, LLC, 2012 U.S. App. LEXIS 22176 (11th Cir. Oct. 25, 2012), this Court rejected the challenge to the assignment and found that MERS could not have made any misrepresentations to the plaintiff through the assignment because the plaintiff is not a party to the assignment. See also Woodberry v. BANA, N.D. Georgia No. 1:11-cv-3637-TWT (Jan. 12, 2012) (holding plaintiff lacked standing to attack the validity of the MERS Assignment). Similarly, in this case, Plaintiff is not a party to the Assignment and lacks standing to assert any impropriety within the Assignment. Thus, any claim based on this theory must be dismissed.

Furthermore, Georgia law recognizes the ability to freely transfer mortgage loans, including contracts such as promissory notes and security deeds, by way of assignment, such as the one at issue here. See O.C.G.A. § 44-14-64; Quality Food, Inc. v. Smithberg, 288 Ga. App. 47, 54, 653 S.E.2d 486, 492 (2007); Palmetto

Capital Corp. v. Smith, 284 Ga. App. 819, 820-21, 645 S.E.2d 9, 11 (2008); Cary v. Guiragosian, 270 Ga. 192, 193-94, 508 S.E.2d 403, 405 (1998). Accordingly, courts in Georgia have held that a third party borrower lacks standing to challenge the validity of an assignment of a mortgage interest. Breus v. McGriff, 202 Ga. App. at 216, 413 S.E.2d at 538.

**5. PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL FORECLOSURE.**

In support of her wrongful foreclosure claim, Plaintiff generally alleges that none of the Defendants had the right to foreclosure. (Compl. ¶ 54.) This completely fails to state a claim upon which relief may be granted for several reasons.

**a. No foreclosure sale occurred and Plaintiff has not stated a claim for wrongful attempted foreclosure.**

First, nowhere in the Complaint does Plaintiff plead specifically that a foreclosure sale occurred. A party may not state a claim for wrongful foreclosure where no foreclosure sale has occurred. Olvey v. Bank of America, Corp., No. 3:11-cv-183-TCB, at p. 15 (N.D. 2012). Plaintiff never specifically alleges that a foreclosure sale occurred. There are no specific allegations regarding who foreclosed on the Property, when the foreclosure occurred, or who obtained the Property as a result of the foreclosure. Plaintiff does not attach any documents

related to the alleged foreclosure to the Complaint. Prior to a foreclosure sale, such claims may be deemed to assert a claim for attempted wrongful foreclosure, which Plaintiff fails to plead.

### b. Plaintiff's Failure to Tender is Fatal to Her Wrongful Foreclosure Claim.

Even assuming a foreclosure did occur, Plaintiff has no standing to contest the foreclosure without first tendering the amount due under the loan. See Taylor v. Wachovia Mortg. Corp., No. 1:07-cv-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. 2009) (Thrash, J., adopting Vineyard, M.J.) ("Plaintiff has not provided any evidence showing that he tendered the full amount of the loan or any portion thereof. Thus, under Georgia law, plaintiff has no standing to bring an action to enjoin the foreclosure sale."); Smith Citizens & S. Fin. Corp., 245 Ga. 850, 268 S.E.2d 157, 159 (1980); Michel v. Pickett, 241 Ga. 528, 535, 247 S.E.2d 82, 87 ("A borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due."). Plaintiff has not alleged she is ready, willing and able to tender the full amount due in support of her wrongful foreclosure claim. As Plaintiff has not alleged tender, her wrongful foreclosure claim fails as a matter of law.

## 6. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

Plaintiff contends that Defendants did not act in good faith and did not deal fairly with Plaintiff in connections with the Note and Deed. (Compl. ¶ 65.) Furthermore, Plaintiff contends MERS breached the implied covenant of good faith and fair dealing when it improperly executed the Assignment. (Compl. ¶ 68.) As previously indicated, Plaintiff has no standing to challenge the Assignment. To the extent that Plaintiff, through these allegations, is asserting a separate claim for breach of the implied covenant of good faith and fair dealing, no such claim exists under Georgia law outside of the context of a viable breach of contract claim.

In Georgia, it is well established that "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement," but "[t]he law is clear that there exists no independent cause of action for **breach of good faith and fair dealing** *outside of a claim for breach of contract*." Cone Fin. Group, Inc. v. Emplrs Ins. Co., 2010 U.S. Dist. LEXIS 82820, at *4-5 (M.D. Ga. 2010) (emphasis added); see also Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990) (district court rejected the attempt to make implied covenant an independent term of a contract subject to breach apart from any other term and held that the "covenant is not an independent contract term."); Anderson v. Deutsche Bank Nat'l Trust Co., 2012 U.S. Dist. LEXIS 122130, at

*30 (N.D. Ga. 2012) ("Georgia law does not recognize a separate cause of action for a party's alleged failure to act in good faith.").

Here, Plaintiff summarily concludes that Defendants breached the duty to proceed fairly and in good faith in connection with the Note and Deed (Compl., ¶¶ 64-65.) However, as demonstrated above in Section II(C)(3), Plaintiff does not allege that Defendants actually breached an express or specific term of either the Note or Deed, and, without a breach of a specific contractual provision, there can be no independent claim that Defendants breached the implied covenant of good faith and fair dealing. See Cone Fin. Group, Inc., 2010 U.S. Dist. LEXIS 82820, at *4-5 (holding that general allegations of breach of the implied covenant of good faith and fair dealing which are not tied to a specific contract provision are not actionable). As such, Plaintiff's claim for breach of duty must be dismissed for failure to state a claim upon which relief can be granted

**7. PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.**

Plaintiff summarily concludes that Defendants have been unjustly enriched "by their wrongful acts and omissions." (Compl. ¶ 71.) Under Georgia law, unjust enrichment is an equitable doctrine that can only apply when, as a matter of fact, there is no legal contract. See Bonem v. Golf Club of Ga., Inc., 264 Ga. App. 573, 578-79 (2003). In other words, when a legal contract governs the dispute at issue,

the plaintiff may not rely on a theory of unjust enrichment. See id. Plaintiff has clearly alleged and established that the Note and Deed between Plaintiff and Defendants governs this dispute. There is clearly a legal contact at issue between the parties. Therefore, Plaintiff's claim for unjust enrichment against Defendants must be dismissed.

### 8. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF GEORGIA'S FAIR BUINESS PRACTICES ACT ("GFBPA").

Plaintiff's GFBPA claims all revolve around residential mortgage transactions. See generally, Compl. Plaintiff alleges that Defendants acts and practices related to loan servicing and foreclosures of residential properties are likely to deceive, constituting a fraudulent business act or practice. (Compl. ¶¶ 75-76.) However, Georgia courts have held that "the GFBPA does not apply to residential mortgage transactions." Zinn v. GMAC Mortg., 2006 U.S. Dist. LEXIS 8202 at *11 (N.D. Ga. 2006). See Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 45, 502 S.E.2d 799 (1998) (the "Georgia Assembly intended that the [GFBPA] have a restricted application only to the unregulated consumer marketplace and that [the GFBPA] not apply in regulated areas of activity"); Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000)

(the GFBPA does not apply in extensively regulated areas of the marketplace such as finance charges and required disclosures by lenders).

Since the GFBPA does not apply to residential mortgage transactions, and Plaintiff's claims of violations of the GFBPA are based on alleged wrongful acts in relation to a residential mortgage transaction, Plaintiff's claim for violations of the GFBPA cannot survive. Plaintiff fails to provide any other legal basis under the GFBPA for a right of recovery. Consequently, Plaintiff's cause of action for violations of the GFBPA fail as a matter of law and must be dismissed with prejudice.

**9. PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE.**

Plaintiff concludes that she is the equitable owner of the property and seeks to quiet title against Defendants as Defendants allegedly have no title to the property as the Assignment was invalid. (Compl. ¶¶ 83-84.) However, as discussed more fully above, Plaintiff has no standing to challenge the Assignment and cannot rely on this challenge to maintain a claim for quiet title.

Furthermore, Plaintiff does not meet the statutory requirements for pleading such a claim. Section 23-3-62 is very specific in its requirements for a quite title claim.

> (b) The petition shall be verified by the petitioner and shall

> contain a particular description of the land to be involved in the proceeding, a specification of the petitioner's interest in the land, a statement as to whether the interest is based upon a written instrument (whether same be a contract, deed, will, or otherwise) or adverse possession or both, a description of all adverse claims of which petitioner has actual or constructive notice, the names and addresses, so far as known to the petitioner, of any possible adverse claimant, and, if the proceeding is brought to remove a particular cloud or clouds, a statement as to the grounds upon which it is sought to remove the cloud or clouds.
>
> (c) With the petition there shall be filed (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62. Strict compliance is required in order to maintain a quiet title action. Joseph v. CitiMortgage, 2011 WL 5156817, at *2 (N.D. Ga. 2011) (dismissing quiet title action for plaintiffs failure to file plat of survey of the land); Mann v. Blalock, 286 Ga. 541, 543, 690 S.E.2d 375, 376 (2010) (holding that quiet title action "was procedurally deficient as a matter of law" because the petition for quiet title failed to follow the "specific rules of practice and procedure").

Here, Plaintiff does not meet the requirements of O.C.G.A. § 23-3-62(b) because, among other deficiencies, Plaintiff's Complaint is not verified, Plaintiff's Complaint does not contain a particular description of the land, and Plaintiff failed to attach a survey plat to her Complaint. Thus, because Plaintiffs' Complaint fails

to meet the essential requirements of the statute to maintain an action to quiet title to land, this Court should dismiss Plaintiff's defectively and improperly pled quiet title claim.

**10. PLAINTIFF FAILS TO STATE A CLAIM FOR SLANDER OF TITLE.**

In support of her slander of title claim, Plaintiff conclusively asserts that MERS wrongfully caused a Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale to be recorded against the property, although these documents are not attached to the Complaint. (Compl. ¶¶ 86-89.) Furthermore, Plaintiff alleges BONY "caused matters to be published that they are the current owners of the Subject Property which is untrue and disparaging to Plaintiff's interest in the Subject Property." (Compl. ¶ 91.)

Plaintiff's claim for slander of title fails to meet the heightened pleading requirements for such claims. Under O.CG.A, § 51-9-11, "the owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. The essential elements of a claim for slander of title are: "(1) publication of slanderous or libelous words; (2) that they were malicious; (3) that the plaintiff sustained special damages thereby; and (4) that the plaintiff possessed

an estate in the property slandered or libeled." Lee v. Washington Square Homeowners' Ass'n Inc., 273 Ga. App 392, 395, 615 S.E.2d 210, 213 (2005) (citing Premier Cabinets v Bulat, 261 Ga. App. 578, 583, 583 S.E.2d 235 (2003)). In order to recover for slander of title, special damages (the amount of damages sustained as a consequence of the allegedly slanderous act) "must be pled and proven with particularity." Sanders v Brown, 257 Ga. App. 566, 568, 571 S.E.2d 532, 535 (2002).

Here, Plaintiff fails to state a claim for slander of title. Plaintiff has failed to "plainly, fully, and distinctly" plead special damages in affiliation with her slander of title claim. Laston v. Boaz, 278 Ga. 113, 114 (Ga. 2004). Plain, full and distinct pleadings are required for a claim of special damages. Id. Other than broadly alleging that Plaintiff suffered general and special damages, Plaintiff offers no specific factual allegations to support a claim against Defendants for slander of title and the same must be dismissed. (Compl. ¶ 94.)

## III. CONCLUSION

For the above and foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

This 24th day of December, 2012.

/s/ Jarrod S. Mendel
Andrew G. Phillips
Georgia Bar No. 575627
Jarrod S. Mendel
Georgia Bar No. 435188
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (Telephone)
(404) 443-5773(Facsimile)
aphillips@mcguirewoods.com
jmendel@mcguirewoods.com

*Attorneys for Defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-58, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Countrywide Home Loans, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as trustee for the certificateholders of CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS, INC., and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO,<br><br>Defendants. | ) | CIVIL ACTION FILE<br>NO. 1:12-cv-04344-WSD |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on December 24, 2012, I electronically filed the foregoing *Memorandum of Law in Support of Motion to Dismiss* with the Clerk of the Court using the CM/ECF System, and opposing counsel will be served through the CM/ECF System.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Jarrod S. Mendel
Jarrod S. Mendel